# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PRENTICE FARRELL ANDERSON, ) | |
| ) | Case No. 3:19-cv-313 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| FOOD SERVICE ARAMARK ) | |
| and WARDEN HUTCHISON, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint brought under 42 U.S.C. § 1983. On March 3, 2021, the Court entered an order requiring Plaintiff to file his Pretrial Narrative Statement ("PNS") on or before March 26, 2021 (Doc. 62). Plaintiff has not complied with that order, and the time for doing so has passed. Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the reasons set forth below.

Rule 41(b) gives this Court the authority to dismiss a case for failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, Plaintiff either received the Court's order and chose not to comply, or he did not receive the order because he failed to keep this Court updated as to his address as required by the Court's local rules and its explicit orders. Plaintiff's failure to comply with the order to file his PNS has prejudiced Defendants, who had to move to continue the trial of this cause due to Plaintiff's repeated failure to follow Court orders. Plaintiff has been given numerous opportunities to file his PNS, and the Court explicitly informed Plaintiff that failure to file his PNS by the March 26, 2021 deadline would result in dismissal of this action without further notice (Doc. 62). Finally, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). All pending motions (Docs. 35, 39, 55, 57) are **DENIED AS MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**